## STATE v. HENRY BUSSIAN.[1]

### July 22, 1910.

### Nos. 16,609—(20).

**Violation of road regulations — construction of statute.**

Defendant was convicted for violation of the law entitled "An act to license and define the road regulations of motor and other vehicles and appropriating money therefor." · It read in part: "In cities or villages, or any place where traffic is large, or on streets usually congested with traffic of horse-drawn vehicles or street cars, slow-moving vehicles must keep near the right curb, allowing those moving more rapidly to keep nearer the center of the street." It is *held*:

1. That defendant was properly convicted, although he was not blocking any traffic, but was merely driving on a part of the street most convenient for him.

2. In the title to Laws 1909, c. 259 (R. L. Supp. 1909, §§ 1278–1, 1278–25), "An act to license and define the road regulations of motor and other vehicles," etc., the term "other vehicles" is not limited to other vehicles of the same nature not usually known as "motor vehicles," such as steam or electrically propelled vehicles.

3. The title of the act conformed to constitutional requirements.

Defendant was convicted in the municipal court of Minneapolis of violating Laws 1909, c. 259, § 14, in neglecting to drive a furni-

[1]Reported in 127 N. W. 495.

ture van drawn by two horses near the right curb of the street, being then and there a street where traffic is large and usually congested with horse-drawn vehicles, and fined five dollars or in default thereof to be imprisoned five days in the workhouse. From an order, Waite, J., denying his motion to set aside the judgment and for a new trial, defendant appealed. Affirmed.

*W. M. Babcock,* for appellant.

*Frank Healy* and *John A. Dahl,* for respondent.

JAGGARD, J.

Part of section 14, c. 259, p. 305, Laws of 1909 (R. L. Supp. 1909, § 1287—14), reads as follows: "In cities or villages, or any place where traffic is large or on streets usually congested with traffic of horse-drawn vehicles or street cars, slow-moving vehicles must keep near the right curb, allowing those moving more rapidly to keep nearer the center of the street."

Appellant was convicted by a jury after trial on the merits for violating this part of the statute. He was driving a heavily-loaded furniture van on Washington avenue, in the city of Minneapolis, between First Avenue South and Nicollet avenue, going north, on the street car track, while crossing First avenue on the right-hand side of the street. No other vehicles were moving on the street. He was not blocking any traffic. The street was twenty-four feet wide from the curb to the nearest car rail. Defendant was prosecuted, not for blocking the street, but because he failed to keep near the right curb of the street. This appeal was taken from an order denying his motion for a new trial.

1. The law was designed to prevent the blocking of congested streets. It was absolute in its terms. It was the duty of the officer to enforce that law. The defendant was not the judge of when that law should be enforced. Neither he nor this court have any power to make the law read so as to allow those vehicles "moving more rapidly (if there are any) to keep nearer the center of the street." The legislature had the unquestioned right to enact the law as it did. The defendant violated the clear terms of that law. Nor can this court construe the plain language of that law so as to allow the defendant.

to drive where he could most conveniently. The individual convenience must yield to the general good.

Defendant also urges that "the street was paved with asphalt, into which the wheels cut and made hauling heavier. [The] defendant drove on the car track, because it was paved, in order to ease his horses. Common humanity to his horses on a hot day made the teamster drive where the road was easiest." If the evidence showed that it was not possible to drive as the law commanded, an obviously different controversy would be presented. As to this we express no opinion. All the record shows is that it was more convenient for defendant to violate the law than to obey it. This, however, does not make out a case of legal justification.

2. Defendant also claims that the title of the act did not cover this application of it. That title is this: "An act to license and define the road regulations of motor and other vehicles and appropriating money therefor." The insistence is "other vehicles" is to be construed as "other vehicles of that nature not usually known as motor vehicles, such as steam or electrically propelled vehicles." We are at a loss to perceive any justification for this construction. It is true that in many cases the term "other" is given a restricted meaning, and limited to articles of the same nature as is previously described. On the other hand, in many cases the term is given its natural meaning when necessary to effectuate the obvious legislative intent. The construction for which defendant contends would not be reasonable in effect. It would produce confusion worse confounded in the handling of traffic. We have no alternative. We must give effect to the clearly expressed intention. The title is valid.

Affirmed.